**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **PLAZA IZALCO, INC.**,<br>417 Clifford Ave.<br>Alexandria, VA 22305<br><br>Plaintiff,<br><br>v.<br><br>**LB PRODUCT, LLC**,<br>8725 Bollman Place, Suite 6<br>Savage, MD 20763<br><br>**LB PRODUCTS, LLC**,<br>8725 Bollman Place, Suite 6<br>Savage, MD 20763<br><br>and<br><br>**LATIN BEAUTY PRODUCTS, LLC**,<br>9090 Junction Drive, Suite 4,<br>Annapolis Junction, MD 20701<br><br>Defendants. | Civil Action No. 1:26-cv-1136<br><br>**TRIAL BY JURY DEMANDED** |

**<u>FIRST AMENDED COMPLAINT</u>**

COMES NOW, Plaza Izalco, Inc. ("<u>Plaintiff</u>"), by and through its undersigned counsel, and moves this Honorable Court for judgment against Defendants, LB Product, LLC, ("<u>LB</u>"), LB Products, LLC ("<u>LBS</u>") and Latin Beauty Products, LLC ("<u>LBP</u>"; collectively, "<u>Defendants</u>"), on the grounds and praying for the relief hereinafter set forth:

**<u>Nature of Action</u>**

1. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and concerns Defendants' unauthorized use of Plaintiff's COFAL trademark in connection with the

distribution, offering for sale, and sale of competing products. Plaintiff alleges that LB, LBS, and LBP, individually and/or through related and continuing distribution operations, have engaged in conduct likely to cause confusion, mistake, or deception among consumers as to the source, origin, sponsorship, approval, or affiliation of such products with Plaintiff. Through this action, Plaintiff seeks to protect its rights in the COFAL trademark, prevent the continued unauthorized use and distribution of products bearing the COFAL name, and obtain the injunctive and monetary relief available under the Lanham Act and applicable law.

**<u>The Parties</u>**

2. Plaintiff is a Virginia corporation with its principal place of business located at 417 Clifford Avenue, Alexandria, Virginia 22305. Plaintiff is the owner of the federally registered COFAL® trademark, U.S. Trademark Registration No. 5,706,486, used in connection with analgesic and medicated products sold in interstate commerce. Plaintiff manufactures, markets, and distributes COFAL®-branded products throughout the United States, including within the State of Maryland, and has developed substantial goodwill and consumer recognition in the COFAL® mark.

3. Defendant LB is a Maryland limited liability company with its principal place of business located at 8725 Bollman Place, Suite 6, Savage, Maryland 20763. Upon information and belief, LB is engaged in the business of distributing beauty, pharmaceutical, medicated, and related consumer products to retail establishments for resale to consumers.

4. Defendant LBS is a Maryland limited liability company that has engaged in the business of distributing beauty, pharmaceutical, medicated, and related consumer products. Maryland corporate records reflect that LBS's charter was revoked effective October 1, 2015.

5. Notwithstanding the revocation of its charter, documentary evidence obtained by Plaintiff

reflects that LBS thereafter continued to conduct business under the LB Products, LLC name. In particular, an invoice issued by LBS in December 2025 identifies LBS as the vendor and reflects its sale and distribution of products labeled as "Cofal Fuerte" to a retail establishment located in Alexandria, Virginia.

6. The December 2025 invoice identifies LBS's business address as 8725 Bollman Place, Suite 6, Savage, Maryland 20763—the same address presently identified as the physical business address of LB.

7. Defendant LBP is a Maryland limited liability company that was organized to engage in the business of beauty-products distribution. Maryland corporate records identify Gared Heidbrink as the individual who organized LBP and as its resident agent. Maryland corporate records further reflect that LBP's charter was subsequently revoked.

8. Maryland corporate records for LB likewise identify its business purpose as "BEAUTY PRODUCTS DISTRIBUTION" and identify Gared Heidbrink as its authorized person, resident agent, and filing party. Thus, LBP and LB were organized to engage in the same line of business and share common corporate personnel.

9. Plaintiff's investigation has further revealed that the business presently operating at 8725 Bollman Place, Suite 6, Savage, Maryland 20763 maintains a public-facing website using the "Latin Beauty Product" name and branding. The website identifies its physical location as "LB Product LLC" at 8725 Bollman Place, Suite 6, Savage, Maryland 20763, while also utilizing the "Latin Beauty Product" name and associated contact information.

10. Upon information and belief, LB, LBS, and LBP are related entities through which the same or substantially the same beauty- and consumer-products distribution business has operated at different times. The presently available evidence reflects, among other things, common or

overlapping business purposes, personnel, physical business locations, branding, and distribution operations.

11. Plaintiff presently lacks access to information concerning the precise ownership, control, transfer of assets, inventory, operations, liabilities, or other corporate relationships among Defendants. Such information is principally within Defendants' possession and control and will be the subject of discovery.

12. Plaintiff therefore alleges Defendants' respective liability based upon their direct participation in the conduct alleged herein and, to the extent established through discovery, their relationship to and participation in the continuing distribution operations through which the unauthorized COFAL-branded products were placed into commerce.

## **Jurisdiction and Venue**

13. This action arises under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051 et seq., including 15 U.S.C. §§ 1114 and 1125(a).

14. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action presents federal questions arising under the laws of the United States relating to trademarks and unfair competition.

15. This Court has personal jurisdiction over Defendants pursuant to Virginia's long-arm statute, Va. Code § 8.01-328.1, and consistent with the Due Process Clause of the Fourteenth Amendment because Defendants, individually and/or through the related and continuing distribution operations described herein, have purposefully directed commercial activities toward the Commonwealth of Virginia and have caused injury within Virginia arising from those activities.

16. In particular, LBS purposefully directed its commercial activities toward Virginia by distributing and supplying products bearing the COFAL mark to a retail establishment located in Alexandria, Virginia, within this District and Division.

17. Documentary evidence obtained by Plaintiff confirms that LBS supplied products identified as "Cofal Fuerte" to La Mart, located at 5730 Edsall Road, Alexandria, Virginia 22304, for resale to consumers in Virginia.

18. LBS's distribution of the accused products into Virginia was not random, fortuitous, or attenuated. Rather, LBS knowingly entered into a commercial transaction with a Virginia retailer and supplied the accused products to that retailer for the purpose and with the expectation that the products would be offered for sale and sold to consumers in Virginia.

19. The accused COFAL-branded products supplied by LBS were thereafter offered for sale and sold to consumers at La Mart in Alexandria, Virginia, including products purchased by or on behalf of Plaintiff during its investigation of the conduct alleged herein.

20. As further alleged herein, Plaintiff's investigation has revealed substantial connections and continuity among LBS, LB, and LBP, including overlapping business operations, personnel, physical business locations, branding, and the distribution of beauty, medicated, and related consumer products.

21. Of particular significance, the invoice documenting LBS's distribution of the accused COFAL-branded products to La Mart in Alexandria identifies LBS's business address as 8725 Bollman Place, Suite 6, Savage, Maryland 20763. Plaintiff's investigation has revealed that LB presently identifies and operates from that same physical business address.

22. Plaintiff's investigation has further identified the business's current public-facing website, latinbeautyproduct.com, which operates using the "Latin Beauty Product" name and

branding. The website expressly identifies its physical business location as "LB Product LLC, 8725 Bollman Place, Suite 6, Savage MD 20763," the same address identified for LBS on the invoice documenting the distribution of the accused COFAL-branded products into Alexandria, Virginia.

23. The website further uses the "Latin Beauty Product" name and associated contact information while identifying LB as the entity operating from the Bollman Place location. Together with the corporate records described herein, the website provides additional evidence of the relationship and continuity among LB, LBS, and LBP and the distribution operations conducted through those entities.

24. Upon information and belief, LB, LBS, and LBP have participated in, continued, and/or operated through the related distribution operations described herein, through which the accused COFAL-branded products were placed into interstate commerce and distributed for retail sale, including within Virginia.

25. Defendants therefore have sufficient minimum contacts with Virginia arising from and relating to the conduct at issue in this action such that the exercise of specific personal jurisdiction over Defendants comports with the Due Process Clause and traditional notions of fair play and substantial justice.

26. Defendants' conduct has caused injury within Virginia, including within this District and Division, where the accused COFAL-branded products were distributed, offered for sale, and sold to consumers. Plaintiff also maintains its principal place of business in Alexandria, Virginia, where Plaintiff alleges injury to its trademark rights, goodwill, business reputation, and ability to control the quality and distribution of products offered under the COFAL mark.

27. Plaintiff's claims arise directly from and relate to Defendants' contacts with Virginia. Among other things, the accused products giving rise to this action were supplied for resale to a Virginia retailer, entered the Virginia marketplace, and were actually offered for sale and sold at La Mart in Alexandria, Virginia.

28. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District, including the distribution of the accused COFAL-branded products to a retailer located within this District and the subsequent offering for sale and sale of those products to consumers in Alexandria, Virginia.

29. This action is properly brought in the Alexandria Division pursuant to Local Civil Rule 3(C) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the Alexandria Division. In particular, the accused products were distributed to, offered for sale at, and sold by a retail establishment located in Alexandria, Virginia. Plaintiff likewise maintains its principal place of business in Alexandria, Virginia and alleges injury to its trademark rights, goodwill, and business reputation arising from the conduct at issue herein.

## STATEMENT OF FACTS

### *Plaintiff's COFAL® Brand, Reputation, and Trade Dress*

30. Plaintiff is the owner of the COFAL® trademark, U.S. Trademark Registration No. 5,706,486, which is used in connection with analgesic and medicated products sold in interstate commerce throughout the United States.

31. Since 2006, Plaintiff has marketed and distributed COFAL®-branded products, including analgesic balms and related medicated products, to consumers throughout the United States, including within the Commonwealth of Virginia. Through longstanding use, continuous sales,

and consumer exposure, the COFAL® mark has developed substantial goodwill and has become widely recognized by consumers as identifying products originating exclusively from Plaintiff.

32. Plaintiff's COFAL® products are marketed using distinctive and recognizable trade dress, including consistent color schemes (such as red, green, and blue variants corresponding to product types), stylized "COFAL" lettering, variant-specific labeling (including "Fuerte"), and consistent packaging layouts and iconography.

33. These elements are intentionally designed to distinguish Plaintiff's products in the marketplace and to allow consumers to readily identify genuine COFAL® products.

34. Plaintiff maintains strict quality control over its products, including their formulation, labeling, and distribution, and limits distribution to authorized channels to ensure product integrity, regulatory compliance, and consumer safety.

35. As a result of Plaintiff's efforts, consumers have come to rely on the COFAL® mark and associated trade dress as indicators of quality, safety, and source.

*Emergence of Unauthorized COFAL-Branded Products in the Marketplace*

36. Beginning in or around December 2025, Plaintiff became aware of the presence of products in the marketplace bearing the COFAL name that did not originate from Plaintiff and were not distributed through Plaintiff's authorized channels.

37. These products were marketed using the COFAL name and included variants labeled as "Cofal Fuerte," among others.

38. The unauthorized products closely imitated Plaintiff's distinctive trade dress, including similar color schemes, product labeling, typography, layout, and overall packaging presentation. The similarities between the unauthorized products and Plaintiff's genuine COFAL® products

are substantial and extend beyond mere use of the name, creating a nearly identical commercial impression.

39. As a result, an ordinary consumer encountering the unauthorized products would be likely to believe that such products are genuine COFAL® products or are otherwise affiliated with or approved by Plaintiff.

40. For ease of reference, a comparison between Plaintiff's genuine COFAL® products and the unauthorized COFAL-branded products obtained during Plaintiff's investigation is shown below. The images illustrate the substantial similarity in branding, color schemes, layout, and overall commercial impression.

41. As reflected in the images below, Plaintiff's genuine COFAL® products are shown using the "™" designation in certain instances. This reflects a packaging transition and/or variation in labeling used by Plaintiff in the ordinary course of business. Notwithstanding such variations, Plaintiff is, and at all relevant times has been, the owner of a valid and subsisting federal trademark registration for the COFAL® mark.







**Genuine Plaza COFAL Products**

**Unauthorized COFAL-Formative Products Offered at La Mart**

42. By contrast, the unauthorized products obtained from La Mart prominently use the ® symbol in connection with the COFAL name. Plaintiff did not authorize any Defendant to use the COFAL® mark or the ® designation. The unauthorized use of the ® designation is false and misleading and is likely to further confuse consumers into believing that the products are genuine, authorized, or affiliated with Plaintiff.

*Defendants and the Distribution Operations*

43. Plaintiff's investigation into the source and distribution of the unauthorized COFAL-branded products has revealed a series of related Maryland entities operating in the beauty- and consumer-products distribution business under substantially similar names, including LBP, LBS, and LB.

44. LBP was organized in Maryland for the purpose of engaging in beauty-products distribution. Maryland corporate records identify Gared Heidbrink as LBP's organizer and resident agent. LBP's charter was subsequently revoked.

45. LBS thereafter operated as a Maryland limited liability company engaged in the distribution of beauty, pharmaceutical, medicated, and related consumer products. Maryland corporate records reflect that LBS's charter was revoked effective October 1, 2015.

46. Notwithstanding the revocation of its charter, documentary evidence obtained by Plaintiff establishes that LBS continued conducting business under the LB Products, LLC name long thereafter. In particular, an invoice issued by LBS in December 2025 documents LBS's sale and distribution of products identified as "Cofal Fuerte Green 227g" and "Cofal Fuerte Red 120g" to La Mart in Alexandria, Virginia.

47. The December 2025 invoice identifies LBS's business address as 8725 Bollman Place, Suite 6, Savage, Maryland 20763.

48. Plaintiff's investigation has further revealed the existence of LB, another Maryland limited liability company engaged in beauty-products distribution. Maryland corporate records identify Gared Heidbrink as LB's authorized person, resident agent, and filing party.

49. Significantly, LB presently identifies and operates from the same physical address—8725 Bollman Place, Suite 6, Savage, Maryland 20763—that LBS identified as its business address on the December 2025 invoice documenting the distribution of the unauthorized COFAL products to La Mart.

50. Plaintiff's investigation has also identified the public-facing website latinbeautyproduct.com. The website operates using the "Latin Beauty Product" name and branding while expressly identifying its physical address as "LB Product LLC, 8725 Bollman Place, Suite 6, Savage MD 20763." The website also identifies the email address latinbeautyproduct@gmail.com.

51. The website thus publicly associates the presently operating LB entity and the Bollman Place distribution location with the "Latin Beauty Product" name and identity.

52. Taken together, the substantially similar entity names, overlapping personnel, common or substantially similar business purposes, use of the same physical business address by LBS and LB, and continued public use of the "Latin Beauty Product" name demonstrate substantial connections and continuity among Defendants and their distribution operations.

53. Plaintiff does not presently possess information sufficient to determine the precise manner in which the ownership, assets, inventory, customers, operations, or liabilities of the distribution business were transferred, shared, or continued among LBP, LBS, and LB. Such

information is principally within Defendants' possession and control and will be the subject of discovery.

54. Accordingly, Plaintiff alleges, upon information and belief, that Defendants have individually participated in and/or operated through related and continuing distribution operations through which the unauthorized COFAL-branded products were placed into interstate commerce.

*LBS's Distribution of the Unauthorized COFAL Products*

55. Plaintiff's investigation has directly confirmed LBS's participation in the distribution of the unauthorized COFAL-branded products.

56. Specifically, LBS issued an invoice in December 2025 to La Mart, located at 5730 Edsall Road, Alexandria, Virginia 22304.

57. The invoice identifies LBS as the vendor and reflects the sale to La Mart of, among other products, units identified as "Cofal Fuerte Green 227g" and "Cofal Fuerte Red 120g."

58. LBS therefore did not merely possess or incidentally encounter the unauthorized products. LBS affirmatively supplied multiple varieties of products bearing Plaintiff's COFAL mark to a third-party retailer for resale to consumers.

59. Moreover, LBS distributed the unauthorized products directly into Virginia and specifically into Alexandria, where Plaintiff maintains its principal place of business and where the products were thereafter offered for sale to consumers.

60. Neither LBS nor any other Defendant was authorized by Plaintiff to manufacture, import, distribute, offer for sale, or sell products bearing Plaintiff's COFAL mark. Plaintiff has never licensed LB, LBS, or LBP to use the COFAL mark or authorized any Defendant to hold itself out

as a manufacturer, distributor, wholesaler, reseller, or other authorized source of COFAL products.

*Sale of Unauthorized Products in Alexandria, Virginia*

61. The COFAL-branded products supplied by LBS were stocked, displayed, and offered for sale to the general public at La Mart in the ordinary course of business.

62. On or about December 22, 2025, Plaintiff purchased multiple units of products labeled "COFAL FUERTE ROJO" and "COFAL ANALGESIC" from La Mart for inspection and comparison with Plaintiff's genuine COFAL products.

63. The purchased products bore the COFAL name and closely resembled Plaintiff's genuine products in appearance and packaging, but were not manufactured, distributed, or authorized by Plaintiff.

64. During Plaintiff's investigation, La Mart provided the vendor invoice described above, thereby identifying LBS as the entity that supplied the "Cofal Fuerte" products to the Alexandria retailer.

65. The presence and sale of these products in Alexandria were therefore the direct and foreseeable result of LBS's distribution of the products to a Virginia retailer for resale to consumers.

*Distribution Through Additional Retail Locations*

66. Plaintiff's investigation further revealed that substantially similar unauthorized COFAL-branded products were being offered for sale at additional retail locations in the Mid-Atlantic region.

67. On or about April 13, 2026, Plaintiff purchased an unauthorized COFAL-branded product from Panam Supermarket, located at 3552 14th Street NW, Washington, D.C. 20010.

68. On or about April 15, 2026, Plaintiff purchased additional unauthorized COFAL-branded products from Mercadito Ramos.

69. The products obtained from these retailers bear the same or substantially similar unauthorized COFAL branding and labeling as the products discovered at La Mart, evidencing distribution of the unauthorized products through multiple retail outlets in the region.

*Unauthorized Distributor Identification*

70. The unauthorized products obtained during Plaintiff's investigation bear labeling identifying the purported distributor as "Latin Products, BLT, MD 21227."

71. Plaintiff's investigation into the identity of the purported distributor identified a Maryland corporation named Latin Products Distributor, Inc. Maryland corporate records reflect that Latin Products Distributor, Inc. was organized in 2005 for the stated purpose of distributing "health & beauty products."

72. Maryland corporate records further identify Horacio Carballo as the incorporator of Latin Products Distributor, Inc. and reflect that the corporation maintained its principal office in Maryland.

73. The charter of Latin Products Distributor, Inc. was subsequently revoked. Records of the Maryland Department of Labor, Licensing and Regulation dated December 16, 2010 identify Latin Products Distributor, Inc. and state that its charter had been revoked effective October 2, 2009 and that unemployment insurance taxes owed by the corporation remained in lien.

74. Significantly, Horacio Carballo is also identified in Maryland corporate records as the resident agent of LBS, thereby establishing an additional connection between LBS and an earlier Maryland entity operating under the "Latin Products" name in the health- and beauty-products distribution business.

75. Plaintiff has never authorized or licensed Latin Products Distributor, Inc., LBS, LB, LBP, or any other entity associated with Defendants to manufacture, import, distribute, offer for sale, or sell products bearing Plaintiff's COFAL mark.

76. The distributor designation appearing on the accused products does not identify "Latin Products Distributor, Inc." by its complete corporate name. Instead, the products identify the purported distributor only as "Latin Products, BLT, MD 21227," without a street address, entity designation, telephone number, website, or other information sufficient to readily identify the entity responsible for distribution.

77. Plaintiff's investigation has nevertheless revealed a series of connections between the purported "Latin Products" distributor identified on the accused products and the distribution operations described herein, including the existence of Latin Products Distributor, Inc., its historical operation in the health- and beauty-products distribution business, and its connection through Horacio Carballo to LBS.

78. As alleged above, Plaintiff's investigation further established that LBS supplied the accused COFAL-branded products to La Mart in Alexandria, Virginia and that the address identified by LBS on the corresponding invoice is the same physical address from which LB presently operates.

79. Upon information and belief, the "Latin Products" distributor designation appearing on the accused products is associated with Latin Products Distributor, Inc., one or more Defendants, and/or the related and continuing distribution operations described herein. Plaintiff presently lacks information sufficient to determine the precise relationship among Latin Products Distributor, Inc., the "Latin Products" designation appearing on the accused goods, and Defendants.

80. Discovery is therefore necessary to determine, among other things, the identity of the person or entity responsible for manufacturing, importing, labeling, and/or initially distributing the accused products; the relationship between Latin Products Distributor, Inc. and Defendants; the source from which Defendants obtained the accused products; and Defendants' respective roles in their manufacture, importation, labeling, distribution, and sale.

*Consumer Confusion and Harm to Plaintiff*

81. Defendants' unauthorized use and distribution of products bearing the COFAL name and closely imitating Plaintiff's product presentation are likely to cause confusion, mistake, or deception among consumers.

82. Consumers encountering the unauthorized products are likely to believe that such products are genuine COFAL® products or are otherwise affiliated with, sponsored by, or approved by Plaintiff.

83. The distribution of unauthorized products bearing Plaintiff's mark deprives Plaintiff of control over the quality and characteristics of products sold under the COFAL name.

84. This loss of control is particularly harmful in the context of medicated products, where product quality and consistency are critical. The unauthorized nature of the products further raises concerns regarding their composition, safety, and compliance with applicable standards, including the risk that consumers may apply products of unknown origin or quality.

85. As a result of the conduct alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm, including damage to its reputation, goodwill, and brand integrity.

*Willful and Intentional Conduct*

86. Upon information and belief, Defendants knew or acted in reckless disregard of the fact that they lacked authorization from Plaintiff to distribute products bearing the COFAL mark.

87. The unauthorized products closely mimic Plaintiff's branding and packaging and, as alleged above, prominently use the ® symbol in connection with the COFAL name despite Defendants having no authorization from Plaintiff to do so.

88. The scope of the distribution activity, the sale of multiple COFAL variants, the presence of substantially similar products at multiple retail locations, and the continued operation of the related distribution business support the inference that the conduct was not accidental or isolated.

89. Upon information and belief, Defendants acted with the intent to capitalize on the reputation and goodwill associated with the COFAL® mark and to divert sales from Plaintiff.

90. Unless enjoined by this Court, Defendants will continue to engage in the unlawful conduct described herein.

## CAUSES OF ACTION

### COUNT I
### Trademark Infringement
### (15 U.S.C. § 1114)

91. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this First Amended Complaint with the same force and vigor as if set out here in full.

92. Plaintiff is the owner of the valid and subsisting COFAL® trademark, U.S. Trademark Registration No. 5,706,486, which is registered on the Principal Register of the United States Patent and Trademark Office.

93. The COFAL® mark is inherently distinctive and has acquired significant goodwill and recognition among consumers as identifying products originating exclusively from Plaintiff.

94. By virtue of its federal registration, the COFAL® mark constitutes prima facie evidence of its validity, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark in

commerce in connection with the goods identified in the registration.

95. Defendants, individually and/or through the related distribution operations described herein, have used in commerce, without Plaintiff's consent or authorization, reproductions, counterfeits, copies, or colorable imitations of the COFAL® mark in connection with the distribution, marketing, offering for sale, and sale of products.

96. Defendants have applied the COFAL name to products that are not manufactured, distributed, or authorized by Plaintiff and that are offered for sale to consumers through retail establishments.

97. Defendants' use of the COFAL name is in connection with goods that are identical or closely related to those offered by Plaintiff under its COFAL® mark, including medicated and analgesic products.

98. Defendants' use of the COFAL name is likely to cause confusion, mistake, or deception among consumers as to the source, origin, sponsorship, or affiliation of Defendantss' products.

99. Consumers encountering Defendants' products are likely to believe that such products are genuine COFAL® products or are otherwise associated with, sponsored by, or approved by Plaintiff.

100. Defendants' use of the COFAL name is likely to deceive consumers into purchasing Defendants' products under the mistaken belief that they are purchasing products originating from Plaintiff.

101. Defendants' unauthorized use of the COFAL® mark interferes with Plaintiff's ability to control the nature, quality, and reputation of products sold under its mark.

102. This loss of control is particularly harmful in the context of medicated products, where product quality and consistency are critical. The unauthorized nature of the products further

raises concerns regarding their composition, safety, and compliance with applicable standards, which Plaintiff is unable to verify or control.

103. Defendants' conduct has caused, and is likely to continue to cause, irreparable harm to Plaintiff, including damage to its goodwill, reputation, and the distinctiveness of the COFAL® mark.

104. Upon information and belief, Defendants' actions have been undertaken willfully, deliberately, and in reckless disregard of Plaintiff's rights in the COFAL® mark.

105. Defendants knew or should have known that its use of the COFAL name was unauthorized and likely to cause confusion among consumers.

106. Defendants' conduct has resulted in the diversion of sales from Plaintiff to Defendants and their retail customers, thereby unjustly enriching Defendant at Plaintiff's expense.

107. As a direct and proximate result of Defendantss' unlawful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

108. Unless enjoined by this Court, Defendants will continue to engage in the infringing conduct alleged herein, causing further irreparable harm to Plaintiff.

109. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 to prevent Defendant from continuing its infringing conduct.

110. Plaintiff is entitled to recover Defendants' profits, Plaintiff's damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

111. Plaintiff is further entitled to an award of enhanced damages due to Defendants' willful conduct, as permitted by law.

112. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling Plaintiff to an award of its reasonable attorneys' fees.

**COUNT II**
**Trademark Counterfeiting**
***(15 U.S.C. §§ 1114 and 1116(d))***

113. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this First Amended Complaint with the same force and vigor as if set out here in full.

114. Plaintiff is the owner of the federally registered COFAL® trademark, U.S. Trademark Registration No. 5,706,486, which is valid, subsisting, and in full force and effect.

115. Defendants, individually and/or through the related distribution operations described herein, have used in commerce, without authorization, a spurious mark that is identical with, or substantially indistinguishable from, Plaintiff's registered COFAL® mark in connection with the manufacture, distribution, offering for sale, and sale of goods.

116. The marks used by Defendants are identical to, or substantially indistinguishable from, Plaintiff's COFAL® mark, including the use of the word "COFAL" in connection with similar or identical goods.

117. Defendants have used such marks in connection with goods that are identical or substantially similar to those covered by Plaintiff's federal trademark registration, including medicated and analgesic products.

118. Defendants' use of the COFAL mark in this manner constitutes the use of a "counterfeit mark" as defined by 15 U.S.C. § 1116(d).

119. Defendants have intentionally used the COFAL mark in connection with its products in order to trade upon the goodwill associated with Plaintiff's mark and to deceive consumers into believing that Defendants' products are genuine or authorized.

120. Defendants' conduct includes the use of packaging, labeling, and trade dress that closely

mimics Plaintiff's genuine COFAL® products, creating a substantially indistinguishable commercial impression.

121. Defendants' products also include misleading labeling, including the unauthorized use of the ® symbol in connection with the COFAL name.

122. Defendants are not the owner of any federal registration for the COFAL mark and has no right or authorization to use the ® designation in connection with such mark.

123. Defendants' use of the ® symbol falsely suggests that the products are genuine, registered, or otherwise authorized, and further contributes to consumer confusion.

124. Upon information and belief, Defendants have engaged in the distribution of such counterfeit products on a repeated and ongoing basis and across multiple jurisdictions.

125. Defendants' use of a counterfeit mark was willful, intentional, and undertaken with knowledge of Plaintiff's rights or with reckless disregard for those rights.

126. Defendants' actions have caused, and are likely to continue to cause, irreparable harm to Plaintiff, including damage to its goodwill, reputation, and ability to control the use of its mark.

127. Unless enjoined by this Court, Defendants will continue to engage in the manufacture, distribution, and sale of goods bearing counterfeit versions of Plaintiff's mark.

128. Pursuant to 15 U.S.C. § 1117(c), Plaintiff is entitled to elect to recover statutory damages for Defendants' use of counterfeit marks in connection with the sale of goods.

129. Plaintiff is entitled to recover statutory damages in an amount up to $2,000,000 per counterfeit mark for willful use, as provided by law.

130. Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. § 1116 to prevent Defendant from continuing its unlawful conduct.

131. Plaintiff is entitled to recover its attorneys' fees and costs in this exceptional case

pursuant to 15 U.S.C. § 1117(a).

**COUNT III**
**False Designation of Origin and Unfair Competition**
***(15 U.S.C. § 1125(a))***

132. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this First Amended Complaint with the same force and vigor as if set out here in full.

133. Plaintiff's COFAL® mark and associated trade dress are distinctive and serve to identify Plaintiff as the source of its products in the marketplace.

134. Plaintiff's COFAL branding, packaging, labeling, color schemes, and overall product presentation identify Plaintiff's goods to consumers and distinguish them from competing products.

135. Defendants, individually and/or through the related distribution operations described herein, have used in commerce words, terms, names, symbols, devices, and combinations thereof, including the COFAL name and confusingly similar packaging and labeling, in connection with the distribution, marketing, offering for sale, and sale of goods.

136. Defendants have used such designations in connection with goods that are identical or closely related to those offered by Plaintiff, including medicated and analgesic products.

137. Defendants' use of the COFAL name and similar trade dress is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendantss' goods by Plaintiff.

138. Defendants' conduct is likely to mislead consumers into believing that Defendants' products are genuine COFAL® products or are otherwise affiliated with, sponsored by, or approved by Plaintiff.

139. Defendants have made false and misleading representations of fact in connection with the labeling and marketing of its products.

140. These representations include, but are not limited to, the use of misleading distributor identification, including references to a purported distributor that does not correspond to any known authorized distributor of Plaintiff's products.

141. Defendants have also used the ® symbol in connection with the COFAL name without authorization, falsely suggesting that Defendants' products are genuine, registered, or otherwise approved or affiliated with Plaintiff.

142. Defendants' use of such designations and representations is likely to deceive and has deceived consumers as to the source, origin, sponsorship, or approval of the products.

143. Defendants' acts and practices constitute false designation of origin, false or misleading description of fact, and false or misleading representation of fact in violation of 15 U.S.C. § 1125(a).

144. Defendants' conduct has created, and is likely to continue to create, confusion in the marketplace and has diverted, and will continue to divert, trade from Plaintiff to Defendants.

145. Defendants' conduct has resulted in the unauthorized use of Plaintiff's branding in connection with products over which Plaintiff has no control, including their quality, composition, and compliance with applicable standards.

146. This loss of control is particularly harmful in the context of medicated products, where product quality and consistency are critical, and raises concerns regarding the composition, safety, and regulatory compliance of the products at issue.

147. As a direct and proximate result of Defendantss' unlawful conduct, Plaintiff has suffered and will continue to suffer irreparable harm, including damage to its goodwill,

reputation, and the value of its brand.

148. Defendants' conduct has also caused Plaintiff to suffer monetary damages, including lost sales and harm to the value of its trademark.

149. Upon information and belief, Defendants' conduct has been willful, deliberate, and undertaken in bad faith, with the intent to capitalize on Plaintiff's reputation and goodwill.

150. Defendants knew or should have known that its conduct was likely to cause confusion and to mislead consumers.

151. Unless enjoined by this Court, Defendants will continue to engage in the unlawful acts alleged herein, causing further irreparable harm to Plaintiff.

152. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

153. Plaintiff is entitled to recover Defendants' profits, Plaintiff's damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

154. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling Plaintiff to an award of its reasonable attorneys' fees.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, and grant the following relief:

A. Enter a judgment that Defendants have infringed Plaintiff's COFAL trademark, engaged in trademark counterfeiting, and violated 15 U.S.C. § 1125(a);

B. Enter a permanent injunction pursuant to 15 U.S.C. § 1116 enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from:

a. Using the COFAL mark or any reproduction, counterfeit, copy, or colorable imitation thereof;

b. Manufacturing, importing, distributing, marketing, offering for sale, or selling any products bearing the COFAL name or any confusingly similar designation;

c. Engaging in any acts likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of any goods with Plaintiff;

C. Order Defendants to deliver up for destruction all products, packaging, labels, advertisements, and other materials in its possession, custody, or control bearing the COFAL® mark or any confusingly similar designation, pursuant to 15 U.S.C. § 1118;

D. Order Defendants to provide an accounting of all profits derived from the manufacture, distribution, and sale of products bearing the COFAL name;

E. Award Plaintiff Defendants' profits, Plaintiff's actual damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a);

F. In the alternative, award Plaintiff statutory damages for the use of counterfeit marks in an amount permitted by law, including up to $2,000,000 per counterfeit mark for willful use, pursuant to 15 U.S.C. § 1117(c);

G. Award Plaintiff treble damages or enhanced damages as permitted by law based on Defendants' willful conduct;

H. Award Plaintiff its reasonable attorneys' fees and costs in this exceptional case

pursuant to 15 U.S.C. § 1117(a);

I. Award pre-judgment and post-judgment interest as permitted by law; and

J. Grant such other and further relief as the Court deems just and proper.

Date: August 21, 2026,

Respectfully submitted,

___/s/ Robert Powers_______________
Robert Powers, Esq. (VSB# 80822)
MCCLANAHAN POWERS, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Telephone: (703) 520-1326
Facsimile: (703) 828-0205
Email: rpowers@mcplegal.com
ldavis@mcplegal.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 21, 2026**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

By: /s/ __Robert Powers_______
Robert Powers
*Counsel for Plaintiff*